785 F.2d 309
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BETTY PHIPPS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 84-5834
 United States Court of Appeals, Sixth Circuit.
 1/29/86
 
 BEFORE: LIVELY, Chief Judge; MERRITT and WELLFORD, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal by a social security disability claimant from a district court order denying her motion for attorney fees under the Equal Access to Justice Act, 28 U.S.C. Sec. 2412 (1984). Betty Phipps was awarded disability benefits in 1976, with an onset date of 1973. The finding of disability was supported by the statement of her treating physician, Dr. Cravens, who concluded in 1975 that Ms. Phipps had a permanent injury to her back with a diagnosis of severe sciatic nerve pressure and that she could not be gainfully employed.
 
 
 2
 In August 1982 the Secretary notified Ms. Phipps that her benefits were being terminated. In June 1982 Dr. Cravens had concluded that Ms. Phipps 'is totally incapacitated as far as any type of strenuous exercising, stooping, bending or lifting is concerned.' In addition an internist serving as a consultative examiner had concluded in July 1982 that Ms. Phipps 'will be limited in heavy lifting and repetitive bending.'
 
 
 3
 Following the notice of termination, Ms. Phipps then brought an action pursuant to 42 U.S.C. Sec. 405(g) to obtain judicial review of the final decision of the Secretary terminating her benefits. The district court concluded that the Secretary had not carried her burden of proving that Ms. Phipps' condition had improved as as to allow her to perform substantial gainful work and reversed the termination decision of the Secretary, remanding the case for reinstatement of benefits. Thereafter Ms. Phipps moved the district court for an allowance of attorney fees and expenses under the Equal Access to Justice Act. The district court concluded that the Secretary had carried her burden of proving substantial justification as required to avoid the payment of attorney fees and expenses under the Act. In denying attorney fees the district court stated:
 
 
 4
 The mere fact that the Secretary is the losing party in this litigation or that her position is contrary to that of this Court does not mean that the Secretary's position was not substantially justified. See Wyandotte [Savings Bank v. NLRB], 682 F.2d at 120. Further, lack of substantial evidence is not the equivalent of lack of substantial justification. See Hornal [v. Schweiker], 551 F. Supp. at 617. Rather, in a social security case, the test is whether there is little or no evidence to support the government's position. Id.
 
 
 5
 The district court found that there was evidence from which the Secretary could reasonably have believed that Ms. Phipps' condition had improved so as to allow the performance of substantial gainful activity, and thus, the Secretary's position was substantially justified. The present appeal is from that decision. The Secretary did not appeal the order reinstating benefits.
 
 
 6
 In Haynes v. Secretary of Health and Human Services, 734 F.2d 284, 288 (6th Cir. 1984), we held that there is a presumption of continuing disability once a claimant is found disabled under the Social Security Act and that this presumption of continuing disability 'requires that the Secretary produce evidence that the claimant's con ition has improved, and in the absence of such evidence, the claimant will be deemed to be disabled.' In reversing the decision terminating Ms. Phipps' benefits in the present case, the district court relied upon and applied Haynes. Though the district court found that the Secretary did not meet her burden of proving that Ms. Phipps' condition had improved, this was not equivalent to holding that there was no substantial justification for the Secretary's decision to terminate. Couch v. Secretary of Health & Human Services, 749 F.2d 359, 360 (6th Cir. 1984). There is no per se rule that whenever the Secretary is wrong in her determination of entitlement, her position must be held not to have been substantially justified. The district court merely found that the termination decision was not supported by substantial evidence. It did not determine that it was unreasonable in the sense of having no substantial justification. The 1982 reports of the treating physician, Dr. Cravens, and the consultative examiner spoke only of an inability to perform manual labor, heavy lifting or repetitive pending. In 1975 Dr. Cravens had stated that Ms. Phipps was 'not a suitable candidate for any type of gainful occupation' and should be considered totally disabled. The lack of any indication that Ms. Phipps was restricted except with respect to heavy work in 1982 indicated improvement from her condition in 1975.
 
 
 7
 Like the district court, we cannot say that the Secretary's position in ordering termination of benefits in 1982 lacked substantial justification. Accordingly, the judgment of the district court is affirmed.